**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30138 |
| Plaintiff-Appellee, | D.C. No.<br>1:15-cr-00147-SPW-2 |
| v. | |
| GARY LEE QUIGG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 31, 2018[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Appellant Gary Lee Quigg ("Quigg") appeals his conviction and sentence for

conspiracy to possess with intent to distribute methamphetamine, possession with

intent to distribute methamphetamine, and distribution of methamphetamine.  We

affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

There was sufficient evidence produced at trial to convict Quigg on all counts. We must view the evidence in the light most favorable to the prosecution, and affirm if any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although Quigg took the stand and offered an explanation which largely placed the blame on his wife as a user, the jury was free to disbelieve his testimony and instead credit that of co-conspirator Mendonsa, who testified she and her husband were involved in a conspiracy to purchase methamphetamine from California every month and distribute 10-15 ounces to Quigg and his wife for further sale and distribution. This testimony, coupled with Quigg's participation in a controlled purchase by law enforcement, and various conversations about obtaining more methamphetamine, was sufficient to support the jury's verdict.

The district court did not violate *Apprendi* [1] or contradict the jury's findings by using the guideline sentencing range for pure methamphetamine. The jury was properly asked to determine the *quantity* of drugs involved, as this affects the statutory penalty imposed; here, the jury concluded Quigg was responsible for "at least 50 grams" or more of a substance "containing a detectible amount of methamphetamine." The only drugs seized in this case tested 98.2% pure, and there was no contrary

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

evidence submitted that other deliveries involved less pure substances;  it was not clear error for the court to extrapolate that purity to the quantity found by the jury. *United States v. Lopes-Montes,* 165 F.3d 730, 732 (9th Cir. 1999) ("[U]sing the purity of drugs actually seized to estimate the purity of the total quantity of drugs the defendant agreed to deliver is an appropriate method of establishing the base [guideline] offense level.").

The district court did not abuse its discretion by denying Quigg's request for a minimal or minor role reduction.  To qualify for the reduction, the defendant must establish he was "substantially less culpable" than the average participant.  U.S.S.G. § 3B1.2(a).  Again, although Quigg attempted to paint his wife as the main participant, there was contrary evidence that Quigg and Whitehouse were both involved with Mendonsa.

**AFFIRMED.**